UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICOLE LAWTONE-BOWLES,

                Plaintiff,

– against –

HECTOR LOPEZ, CHUNNIN YOUNG, CARLOS GONZALES, THE CITY OF NEW YORK,

                Defendants,

CORPORATION COUNSEL OF THE CITY OF NEW YORK,

                Interested Party.

**OPINION AND ORDER**

13 Civ. 05458 (ER)

---

Ramos, D.J.:

On August 5, 2013, Plaintiff, *pro se*, filed the instant case and requested to proceed *in forma pauperis*. Doc. 1. On September 16, 2013, the Court instructed the Clerk of Court to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. Doc. 5, 2–3. The Court informed Plaintiff that she must complete a USM-285 form for each Defendant and return those forms to the Court by October 16, 2013. *Id*. at 3. The Court warned Plaintiff that if she did not complete and return the USM-285 forms, her action would be dismissed for failure to prosecute. *Id.* On September 30, 2013, Plaintiff returned USM-285 forms for individual defendants Hector Lopez, Chunnin Young, and Carlos Gonzales. Plaintiff did not return a USM-285 form for defendant City of New York (the "City"). Service on the individuals was returned unexecuted because Plaintiff had not written the correct

addresses. Docs. 6, 7, 8. Plaintiff asked to re-serve the individual defendants at their precincts. Doc. 9. The Court granted that request and allowed Plaintiff to re-serve Defendants 120 days from January 13, 2014. Doc. 10. On June 18, 2014, the Court directed Plaintiff to provide an update regarding the status of the case and service of Defendants. Doc. 11. Plaintiff failed to respond to that order. On August 8, 2014, the Court ordered Plaintiff to show cause why the action should not be dismissed without prejudice for want of prosecution. Doc. 12. Plaintiff failed to respond to that order as well. On November 14, 2014, the Court dismissed Plaintiff's case without prejudice for failure to prosecute. Doc. 13. Nearly three months later, on February 17, 2015, Plaintiff moved to reopen the case on the grounds that she had mailed the summons and complaint to the corrected addresses and to the Corporation Counsel's address at 100 Church St., New York, New York, 10007. Doc. 14. In an attached letter, she explained that she failed to meet court deadlines because of several personal tragedies, and she promised to meet future deadlines. Doc. 15. On March 16, 2015, the Court directed the Clerk of Court to reopen the case. Doc. 16. There were no filings for more than four years, through April 9, 2019. On that day, the Court directed the parties to provide a status report by April 23, 2019. Doc. 17. No party responded until July 8, 2019, when Plaintiff informed the Court that the City had not responded to the suit and that she wished to move for summary judgment. Doc. 18. Ten days later, on July 18, 2019, the City asked the Court to *sua sponte* dismiss Plaintiff's action for failure to prosecute her case because she had not served any of the individual defendants and had not completed the USM-285 form for the City. Doc. 20, 3. On July 19, 2019, the Court endorsed the City's letter and set a briefing schedule for a motion to dismiss. Doc. 21. On July 26, 2019, the City wrote a letter to the Court, clarifying that they did not seek leave for a motion to dismiss Plaintiff's suit but rather asked the Court to dismiss the case, *sua sponte*, pursuant to

Federal Rules of Civil Procedure 4(m) and 41(b) because none of the named Defendants had been served and for failure to prosecute. Doc. 22.

Rule 4(m) provides as follows: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Defendants may be served a summons and complaint by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under New York law, a summons and complaint "may be served by the plaintiff . . . by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt . . . with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. § 312-a(a). A "[p]laintiff's *pro se* status and defendant's actual notice of the action provide no basis for" waiving these requirements. *Brown v. Midrox Ins. Co.*, 970 N.Y.S.2d 108, 109 (N.Y. App. Div. 2013). Here, Plaintiff signed an affirmation of service that she mailed certain documents to the Defendants. Doc. 14. However, she has never explained what documents she mailed or whether she complied with N.Y. C.P.L.R. § 312-a(a). *Id.* Because the Court has already ordered Plaintiff to serve the Defendants within a specific time and because the Plaintiff did not meet that deadline, the Court must at least dismiss the action without prejudice. Fed. R. Civ. P. 4(m). Plaintiff, however, brought this case in 2013 and has not yet effected service despite having her case dismissed before without prejudice and receiving an extension of time to effect service.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order

states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Notwithstanding this language the power of a court to dismiss a complaint for violating a court order "has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (internal quotation marks and citation omitted). Because dismissal is a harsh remedy, a court weighs five factors when assessing whether to dismiss for failure to comply with court orders:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). All of these factors weigh in favor of dismissing Plaintiff's case with prejudice. First, Plaintiff has not served the Defendants even though she brought her case more than six years ago. Second, Plaintiff has received notice that failure to comply with the service requirements would result in dismissal because the Court has already dismissed her case once before for failure to serve the Defendants. Third, the Defendants are likely to be prejudiced by this six-year delay because no discovery has occurred. Fourth, the Plaintiff has received a fair chance to be heard because the Court has previously allowed her to reopen her case after dismissing her case for failure to serve the Defendants. Fifth, the Court has adequately considered less severe sanctions, such as dismissal without prejudice, and has concluded that that sanction was inadequate.

Accordingly, Plaintiff's claim is DISMISSED with prejudice. The Clerk of Court is respectfully directed to mail this order to Nicole Lawtone-Bowles, 56 Center Street, Highland Falls, New York 10928, and to close the case.

Dated: August 14, 2019
      New York, New York

                                                 Edgardo Ramos, U.S.D.J.